IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation; and GILLICK ENTERPRISES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPOSITORS INSURANCE COMPANY,<br><br>Defendant. | **4:23CV3016**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Depositors Insurance Company's Motion in Limine (Filing No. 107). For the reasons explained below, the motion will be granted in part and denied in part.

## FACTUAL BACKGROUND

On July 19, 2022, Plaintiffs brought the present action against Defendant Depositors Insurance Company ("Depositors") and then co-defendant Nationwide Property and Casualty Insurance Co. ("Nationwide") for breach of contract and breach of the implied covenant of good faith and fair dealing. (Filing No. 1-1.) Initially, Plaintiffs brought this action in the District Court of Lancaster County, Nebraska. (Filing No. 1.) Defendants removed the case to the District Court of Nebraska on February 3, 2023. (Filing No. 1.) After an entry of summary judgment, Plaintiffs' bad faith claim against Depositors and both of their claims against Nationwide were dismissed. (Filing No. 106.) The only remaining claim is Plaintiffs' breach of contract claim against Depositors. (*See* Filing No. 106.)

Plaintiffs' breach of contract claim arises from an insurance policy issued by Depositors, in which Plaintiff Gillick Enterprises, Inc. ("Gillick") is the named insured (the "Policy"). (Filing No. 1-1; Filing No. 40-2 at 1.) The Policy includes property coverage for five of Gillick's scheduled locations in Lincoln, Nebraska, which are separate and unique buildings: the Main Building, Sales/Training Building, Maintenance Garage, Storage, and Warehouse. (Filing No. 71-10; Filing No. 71-9; Filing No. 71-6; Filing No. 71-7; Filing No. 71-8.)

On April 12, 2015, a storm caused property damage to the five scheduled locations insured by the Policy. (Filing No. 71-3.) Gillick contracted with Plaintiff Millard Gutter Company ("Millard Gutter") to provide repair services for the storm damage to the locations and signed a document entitled "Authorization to Proceed" with Millard Gutter on March 2, 2016. (Filing No. 71-3.) This Authorization authorized Millard Gutter to proceed with insurance repair work for the five scheduled locations and "negotiate approval for payment or reimbursement of expenses associated with any necessary repair work." (Filing No. 71-3.) It also contained an assignment to Millard Gutter of "the right and power to make demand upon any potentially liable insurance company for payment, subject to [Gillick's] continuing obligation, if any, to make payment of deductible." (Filing No. 71-3.) Millard Gutter rendered repair services to the five scheduled locations pursuant to the Authorization. (Filing No. 1-1 at 8; Filing No. 7 at 4.)

The parties dispute the total amounts owed for Millard Gutter's repairs under the Policy. Depositors asserts that it has issued all amounts for covered payable loss, totaling $1,307,632.84. (Filing No. 40-1 at 5.) Plaintiffs contend that the total amount of "fair and reasonable charges for necessary repairs and replacements" is no less than $2,049,767.96. (Filing No. 1-1 at 7-8.) Plaintiffs contend Defendant will only approve repairs in the total amount of $1,300,537.25, which sum the Defendant has still not paid in full. (Filing No. 1-1 at 8.)

## DISCUSSION

Defendant's Motion in Limine (Filing No. 107) sets forth twelve categories of evidence that Defendant argues should be excluded or limited in its admissibility. The Court will consider each category of evidence in turn and determine its appropriate scope of usage, if any.

1. **Testimony from Any Individual Not Previously Identified in Plaintiffs' Respective Answers to Interrogatories**

Defendants request that all testimony from individuals not identified in Plaintiffs' responses to Defendant's Interrogatories and Requests for Production of Documents be excluded.[1]

---

[1] Plaintiffs, in their response brief, ask this Court to likewise exclude all testimony not identified by Defendant in its discovery responses, upon Plaintiffs' objection at trial. (Filing No. 115.) In response, Defendant argues that Plaintiffs failed to file their own motion in limine, so the Court should disregard any request by Plaintiffs to exclude Defendant's

Fed. R. Civ. P. 26(a)(1)(A)(i) requires that each party must identify and provide contact information for each individual "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." These disclosures must be made at least 30 days before trial unless the court orders otherwise. Fed. R. Civ. P. 26(a)(3)(B). The Court ordered that initial mandatory disclosures under Fed. R. Civ. P. 26(a)(1) be made by April 17, 2023. (Filing No. 14; *see* Filing No. 61.) After making a disclosure under Fed. R. Civ. P. 26(a), parties are under a continuing obligation to supplement or correct their initial disclosure and responses in a timely manner, throughout case progression. Fed. R. Civ. P. 26(e).

Plaintiffs identified the following individuals as persons with knowledge of any matter relating to their claims in their answers to interrogatories:

- Anthony Gillick
- Jim Eggers
- Josh Roza
- Jayme Newman
- Kelli Eggers
- Jim Gibson
- Gabe Barton
- David Heller

(Filing No. 109-5 at 10-11.)

Plaintiffs identified the following additional witnesses at the pretrial conference on February 2, 2026, who were not included in those discovery responses:

- John Walker
- Loretta Lang
- Bob Lang

---

witnesses. (Filing No. 120.) The Court will not preclude Plaintiffs from objecting to testimony at trial based on Defendant's failure to properly identify witnesses in its initial disclosures and discovery responses as required. The Court will consider any such objection at trial.

- Brittany Wesch, Love Signs
- Adam Randall, Capital City Electric
- Gary Konecky, Star City HVAC
- Raul Mejia
- A custodian of record or representative of Rasmussen Heating and Air
- Carrie Anne Buchanan
- Pat Querry
- Mike Herring

(Filing No. 110 at 2-3.)  However, Plaintiffs identified some of these additional witnesses in their initial disclosures, although not their discovery responses.  (*See* Filing No. 116 at 9-11.)

As far as the Court can tell,[2] the people not listed in either Plaintiffs' discovery responses or their initial disclosures, include:

- John Walker
- Loretta Lang
- Bob Lang
- Rasmussen Heating and Air
- Carrie Anne Buchanan

(*Compare* Filing No. 109-5 *with* Filing No. 110 *and* Filing No. 116.)  Therefore, the issue is whether these additional witnesses may testify despite not being timely disclosed and identified as required by Fed. R. Civ. P. 26.  The disclosure mandates in Fed. R. Civ. P. 26(a) are "given teeth" by the self-executing sanction contained in Fed. R. Civ. P. 37(c)(1).  *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018).  Fed. R. Civ. P. 37(c)(1) disallows parties who fail to appropriately provide information or identify a witness as required by Fed. R. Civ. P. 26(a) or (e) from using the nondisclosed information "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

---

[2] Defendant did not provide the names of the witnesses they thought should be excluded.  (*See* Filing No. 107; Filing No. 108.)

The party facing sanctions bears the burden to show its failure to disclose merits a lesser sanction than that prescribed by Fed. R. Civ. P. 37(c)(1). *Vanderberg*, 906 F.3d at 705. However, a district court retains "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case" when a party fails to disclose in compliance with Fed. R. Civ. P. 26(a). *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644-45 (8th Cir. 2022). When fashioning an appropriate remedy, courts should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* at 645. Exclusion of evidence is a "'harsh penalty and should be used sparingly.'" *Id.* (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)).

Plaintiffs did not identify these additional witnesses by April 17, 2023, as ordered by the Court. Nor did Plaintiffs timely identify the witnesses by supplementation through discovery. Further, Plaintiffs do not explain how this failure to disclose was substantially justified or why they failed to comply with the requirements of Fed. R. Civ. P. 26(a). (*See* Filing No. 115.) Instead, Plaintiffs argue that Defendants should have already known of or been able to identify certain witnesses from Plaintiffs' other responses and productions in discovery, and Plaintiffs did not learn of Rasmussen Heating and Air's knowledge except through the discovery process.[3] (Filing No. 115). In other words, Plaintiffs argue that its failure to disclose was harmless. Defendant, for its part, does not indicate how it was harmed by Plaintiff's failure to disclose these witnesses prior to the pretrial conference. (Filing No. 108.) Further, Plaintiffs indicate in their response that Defendant was aware of these witnesses, and Defendant's reply brief does not address this allegation or otherwise indicate how the failure to disclose harmed Defendant. (Filing No. 115; Filing No. 127.)

The information available to the Court does not indicate that allowing these witnesses to testify would surprise or prejudice Defendant or disrupt the order and efficiency of the trial. Therefore, because exclusion is a harsh penalty that should be used sparingly, exclusion of these witnesses does not appear to be an appropriate sanction under these particular circumstances. *Cf.*

---

[3] Plaintiffs additionally argue there is no foundation for representatives from First Point Consulting to testify. (Filing No. 115 at 4.) This objection may be raised at trial, and the Court will consider it at that time based on the evidence presented.

*Seals v. Bd. of Regents of Univ. of Nebraska*, 776 F. Supp. 3d 785, 792-93 (D. Neb. 2025) (declining to exclude evidence not disclosed in compliance with Fed. R. Civ. P. 26(a) when the defendants otherwise had notice of the evidence). Therefore, Defendant's motion in limine on this ground is denied.

2.  **Any Evidence that Nationwide Property and Casualty Insurance Company Issued Any Policy of Insurance to Gillick Enterprises, Inc.**

Defendant requests that any evidence relating to Nationwide issuing any policy of insurance to Gillick be excluded. The Court ruled in its summary judgment order that Nationwide did not issue an insurance policy to Gillick, Depositors did. (Filing No. 106.) Consequently, Nationwide is no longer a defendant in this suit. (Filing No. 106.) Plaintiffs in their response indicated they do not plan to introduce any evidence that Nationwide issued the policy in this case. (Filing No. 115.) Therefore, any evidence presented solely to suggest that Nationwide issued the Policy will be excluded as irrelevant under Fed. R. Evid. 401 and 402.

However, this exclusion does not prohibit Plaintiffs or Defendant from presenting evidence regarding the connection between Nationwide, Depositors, and the Policy, such as background facts about how Nationwide and Depositors shared employees and how Nationwide employees acted on behalf of Depositors to adjust claims. Nationwide's name and logo appear on numerous documents in this case. Therefore, an explanation as to the corporate relationship between Nationwide and Depositors will be necessary to avoid confusing the jury. While this evidence may be permitted, the Court is willing to give a limiting instruction to the jury, if requested by a party, to ensure the jury does not consider such evidence to infer that Depositors did not issue the Policy or that Nationwide is a party to this case.

3.  **Any Evidence of Any Offers of Settlement or Settlement Negotiations Pursuant to Fed. Rules Evid. R. 408**

Defendant requests that this Court exclude any evidence of statements made during the settlement conference between the parties on January 27, 2026, or during any other settlement negotiations taking place prior to and during the course of trial. Plaintiffs indicated in their response that they will not offer any evidence of statements made during settlement negotiations

on January 27, 2026, or otherwise. (Filing No. 115.) Additionally, Fed. R. Evid. 408 makes evidence of offers for settlement and statements made during such negotiations for settlements of civil suits inadmissible to prove or disprove the validity or amount of disputed claims or for impeachment. As such, any evidence of statements made during the settlement conference between the parties on January 27, 2026, or during any other settlement negotiations taking place prior to and during the course of trial, will be excluded.

4. **Any Evidence Related to the Resolution of Millard Gutter Company, Gillick Enterprises, Inc. & Gross Point Holdings LLC v. Depositors Insurance Company 8:18CV23 As It Bears No Relevance to Any Issues in This Pending Case**

Defendant asks that evidence relating to its confession of judgment in separate litigation with Plaintiff Millard Gutter be excluded as irrelevant under Fed. R. Evid. 402 or unduly prejudicial under Fed. R. Evid. 403. Plaintiffs in their response argue that the judgment is highly relevant to the present matter because the judgment "conclusively demonstrates that Depositors does deviate from payment based upon the date of loss." (Filing No. 115 at 6.)

Fed. R. Evid. 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 403 enables the court to exclude relevant evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence of a prior lawsuit is admissible if "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the [event at issue].'" *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377 (8th Cir. 2008).

The confession of judgment occurred in separate litigation involving a different policy of insurance and different property and is not relevant to a material issue in this case. The confession of judgment only admits to liability for a certain amount and does not contain factual references that Depositors deviated from payment based upon the date of loss. The prejudicial effect of admitting evidence of the confession of judgment itself from the prior lawsuit outweighs the probative value it may have in this case. Therefore, evidence of Defendant's confession of

judgment in *Millard Gutter Company, Gillick Enterprises, Inc. & Gross Point Holdings LLC v. Depositors Insurance Company*, 8:18CV23 will be excluded.

Although the confession of judgment itself will not be allowed, there may be facts from the earlier litigation that could be relevant in this case—depending on the evidence presented at trial. Therefore, the Court will not foreclose the admissibility of this evidence at this point. The admissibility of that evidence will be addressed—upon appropriate objection—during trial.

### 5. James Eggers' Expert Testimony

Defendant argues that the Court should exclude James Eggers' expert testimony because Plaintiffs failed to comply with the expert witness disclosure requirements in Fed. R. Civ. P. 26 and did not provide a written expert report from Mr. Eggers.

Fed. R. Civ. P. 26(a)(2) requires litigants to "disclose to the other parties the identity of any witness it may use at trial" to present expert testimony under Fed. R. Evid. 702, 703, or 705. The nature and extent of disclosure depends upon whether the expert is retained or non-retained. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). *See* Fed. R. Civ. P. 26(2)(B) (requiring retained experts to provide a written report). Non-retained experts are not required to produce formal reports. *Id.*; Fed. R. Civ. P. 26(a)(2). Non-retained experts "are subject to less stringent disclosure requirements than a retained expert." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644 (8th Cir. 2022). Nonetheless, parties must still identify non-retained experts who may testify at trial and "disclose 'the subject matter on which the witness is expected to present' expert opinion testimony and 'a summary of the facts and opinions to which the witness is expected to testify.'" *Id.* (quoting *Vanderberg*, 906 F.3d at 702); *see also* Fed. R. Civ. P. 26(a)(2)(C).

Defendant argues that Mr. Eggers is an expert witness subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2) because he will testify as to whether Millard Gutter's charges for repairs were "fair and reasonable." (Filing No. 108 at 9-11.) Defendant further argues that Mr. Eggers must provide a written report because his duties "regularly involve giving expert testimony[,]" and he is the only individual who has testified on behalf of Millard Gutter as a Fed. R. Civ. P. 30(b)(6) witness in depositions. (Filing No. 108 at 11-12.) Plaintiff contends, however,

that Mr. Eggers is *not* an expert witness, but rather is "a fact witness who may provide expert testimony[.]" (Filing No. 115 at 8.)  Plaintiffs further contend that Mr. Eggers' testimony is not expert in nature because he is testifying as to "facts that transpired" and any opinions, including that the charges were "fair and reasonable," would be opinion testimony by a lay witness. (Filing No. 115 at 9.)  Plaintiff also argues that Defendant is not prejudiced by the absence of a written report from Mr. Eggers because his testimony poses no surprise. (Filing No. 115 at 8.)

It appears to the Court that Mr. Eggers' proffered testimony indicates that he would be providing both lay and expert testimony.  Mr. Eggers will be testifying to facts in this case such as the inspection he conducted for Gillick, identification of property damages, preparation of repair estimates, and performance of repairs. (Filing No. 115 at 9.)  However, Plaintiffs' expert witness disclosure indicates that Mr. Eggers also will provide testimony on his opinion on whether Millard Gutter's charges for repairs were "fair and reasonable" and the industry standards for the adjustment of insurance claims, which opinions constitute specialized knowledge and expert testimony. (Filing No. 109-3 at 1-2.) *Cf. Millard Gutter Co. v. Depositors Ins. Co.*, No. 8:18CV23, 2023 WL 5003714, at *16 (D. Neb. Aug. 4, 2023) ("[W]hat are 'fair and reasonable charges of a contractor performing work in Omaha, Nebraska,' requires expert testimony, that is in part because it is framed as a general issue, apparently encompassing any work by any contractor in Omaha").

Therefore, Mr. Eggers must comply with disclosure requirements under Fed. R. Civ. P. 26(a)(2), but Fed. R. Civ. P. 26(a)(2) does not require him to provide an expert report.  "What distinguishes experts who must file a report from those who do not is at least in part whether the expert 'is one retained or specially employed to provide expert testimony in the case, or one whose duties as the party's employee regularly involve giving expert testimony.'" *Kuecker Logistics Grp., Inc. v. Greater Omaha Packing Co.*, No. 8:20CV307, 2024 WL 149839, at *2 (D. Neb. Jan. 12, 2024).  Mr. Eggers is an employee of Millard Gutter who has occasionally testified on their behalf in other litigation, in trials and depositions.  Mr. Eggers has declared by affidavit that he has only testified in three other trials on behalf of Millard Gutter, only two of which related to efforts by Millard Gutter to collect additional payment for repairs. (Filing No. 116 at 5.)  As an employee with knowledge of corporate structure, the repairs Millard Gutter performs, and communication within insurance companies, Mr. Eggers has also been designated as a witness in depositions under Fed. R. Civ. P. 30(b)(6). (Filing No. 116 at 6.)  Defendant does not provide law

9

that supports that designation as a witness for a Rule 30(b)(6) deposition qualifies as expert testimony. (*See* Filing No. 108.) As Mr. Eggers' job duties do not regularly require him to provide expert testimony on behalf of Millard Gutter, he is a non-retained expert. Therefore, Fed. R. Civ. P. 26(a)(2) did not require Plaintiffs to provide an expert report from Mr. Eggers.

Plaintiffs provided an adequate summary to satisfy the disclosure requirements for non-retained experts under Fed. R. Civ. P. 26(a)(2)(C). In their expert witness disclosures, Plaintiffs identified Mr. Eggers as a non-retained expert witness, disclosed the subject matter on which Mr. Eggers was expected to present, and provided a summary of the facts and opinions to which Mr. Eggers is to testify. (Filing No. 109-3.) The summary provides Mr. Eggers will testify that the billings prepared by Millard Gutter were "fair, reasonable, and necessary to repair damage created by a storm" and repairs were performed as necessary for a storm related loss. (Filing No. 109-3 at 1-2.) The summary also provides that Mr. Eggers will testify to "the industry standards for assignment of insurance claims, the adjustment of such claims and the manner in which such claims are generally pursued and that Plaintiff's actions were consistent with industry standards." (Filing No. 109-3 at 2.) This summary adequately satisfies the disclosure requirements for a non-retained expert. Defendant's motion in limine is therefore denied as to Mr. Eggers' expert testimony.

### 6. Carl Martin's Expert Testimony

Defendant argues that the Court should exclude Carl Martin's expert testimony because Plaintiffs failed to comply with the expert witness disclosure requirements in Fed. R. Civ. P. 26 and did not provide an expert report for Mr. Martin. Plaintiffs indicated in their reply that they do not anticipate calling Mr. Martin. Therefore, Plaintiffs seem to indicate this issue is moot.

However, Plaintiffs in their brief indicate that if they were to call Mr. Martin as a witness, it would be for purposes of rebuttal. (Filing No. 115 at 22.) Rebuttal witnesses must be included on the witness list contained in the Order on Final Pretrial Conference. *See* NECivR 16.2(D). The Court's rules provide that in the proposed Final Pretrial Order, each party must list all witnesses, including rebuttal witness, whom that party expects to call to testify at trial, except witnesses who may be called for impeachment purposes. NECivR 16.2(D). "Except upon a showing of good cause, a witness whose name and city of residence does not appear on the list will not be permitted

to testify over objection for any purpose except impeachment." NECivR 16.2(D).  Plaintiff has not made a showing of good cause as to why Mr. Martin was not listed as a witness in the Order on Pretrial Conference.  Therefore, Defendant's motion in limine on this ground is granted, and any expert testimony by Mr. Martin will be excluded.[4]

### 7. Mark Anderson's Expert Testimony

Defendant argues that the Court should exclude Mark Anderson's expert testimony because Plaintiffs failed to comply with the expert witness disclosure requirements in Fed. R. Civ. P. 26 and did not provide an expert report for Mr. Anderson.  Plaintiffs indicated in their reply that they do not anticipate calling Mr. Anderson.  Therefore, Plaintiffs seem to indicate this issue is moot.

However, Plaintiffs in their brief indicate if they were to call Mr. Anderson as a witness, it would be for the purposes of rebuttal.  (Filing No. 115 at 22-23.)  As stated above, rebuttal witnesses need to be listed on the witness list and, except upon a showing of good cause, failure to list them will result in the exclusion of their testimony.  NECivR 16.2(D).  Plaintiff has not made a showing of good cause as to why Mr. Anderson was not listed as a witness in the Order on Pretrial Conference.   Therefore, Defendant's motion in limine on this ground is granted, and any expert testimony by Mr. Anderson will be excluded.[5]

### 8. Any Evidence by Plaintiffs Seeking to Create any Ambiguities in the Policy Issued by Depositors

Defendant argues that this Court should exclude any evidence seeking to create ambiguities in the insurance policy.  Frankly, it is unclear to the Court exactly what Defendant is seeking to exclude in this regard.  The Court agrees that whether a contract is ambiguous is a question of law, not fact.  *See Poulton v. State Farm Fire & Cas. Cos.*, 267 Neb. 569, 578, 675 N.W.2d 665, 673 (2004).  However, the question of whether the Policy is ambiguous has not been presented to the

---

[4] As the Court finds that Mr. Martin cannot testify because he is not included in the Order on Final Pretrial Conference, the Court does not reach the issue of whether Plaintiffs complied with their expert disclosure requirements regarding Mr. Martin in this case.

[5] As the Court finds that Mr. Anderson cannot testify because he is not included in the Order on Final Pretrial Conference, the Court does not reach the issue of whether Plaintiffs complied with their expert disclosure requirements regarding Mr. Anderson in this case.

Court and is not properly before the Court now.  Therefore, any evidence solely seeking to create ambiguity in the contract will be excluded.

Nevertheless, the parties have presented differing opinions as to what provisions of the Policy govern the valuation process for Plaintiffs' claims, and "the fact that the parties urge opposing interpretations does not necessarily indicate a document is ambiguous." *Fisbeck v. Scherbarth, Inc.*, 229 Neb. 453, 467, 428 N.W.2d 141, 150 (1988).  Thus, to the extent that evidence is presented regarding which provisions in the Policy control the valuation of claims, that evidence can be appropriately presented to the jury.

As such, to the degree Defendant is seeking to exclude evidence and testimony from being presented to the jury that the policy itself is "ambiguous," the motion is granted.  It is otherwise denied.

9.   **Any Testimony from Any Individual Offering a Different Dollar Value for the Actual Cash Value or Replacement Cost Value of Repair and Replacement for Any of the Five Buildings at the Gillick Property Other than the Amount Agreed by Depositors**

Defendant requests this Court exclude any evidence regarding the Actual Cash Value or Replacement Cost Value for repairs rendered to the insured property.  Defendant argues that it is the only entity who can determine the Actual Cash Value or Replacement Cost Value for repairs under the Policy.  (Filing No. 108 at 18.)  Defendant argues that the Policy's terms clearly indicate that Actual Cash Value replaces Replacement Cost, and Actual Cash Value is to be paid as to the value on the date of loss, which means Replacement Cost is to also be paid as to the value on the date of loss.  (Filing No. 108 at 18-19.)  Plaintiffs cite evidence that Defendant indicated it would pay a different amount for repairs than the value on the date of loss.  (Filing No. 115 at 23-24.)  Specifically, Plaintiffs have highlighted evidence that indicates that the pricelist would be updated to a date more recent than the date of loss, indicating a potential waiver for the benefit of the insured.

As stated in the previous section, the Policy has distinct provisions that could control the valuation of claims.  Evidence of conversations between Plaintiffs and Defendant regarding the amount owed for repairs would be appropriate for the jury to consider in determining whether

12

Defendant complied with the Policy's terms and rendered the amount owed under the Policy. Therefore, Defendant's motion in limine will be denied on this ground. The jury may consider testimony regarding the amount owed for repairs under the Policy.

### 10. Any Evidence or Testimony Regarding Plaintiffs' Allegations that They Are Entitled to Pre-Judgment Interest

Defendant asks the Court to exclude any evidence regarding Plaintiffs' claim for prejudgment interest. Plaintiffs argue that the jury should be instructed to determine the date from which prejudgment interest should be calculated. Determination of the amount of prejudgment interest is not an issue for the jury. *Millard Gutter Co. v. Depositors Ins. Co.*, No. 8:18CV23, 2023 WL 5003714, at *11 (D. Neb. Aug. 4, 2023). However, the jury can determine the date on which Defendant should have paid Plaintiffs. Therefore, any evidence regarding prejudgment interest will be inadmissible in trial, although the jury may determine the date of breach for the later calculation of prejudgment interest by the Court.

### 11. Any Evidence Supporting Plaintiffs' Claims that They Are Entitled to Attorney's Fees

Defendant also asks the Court to exclude evidence supporting Plaintiffs' claim for attorney's fees under Neb. Rev. Stat. § 44-359. Plaintiffs do not appear to oppose this portion of the motion. (Filing No. 115 at 28.) Therefore, any evidence supporting Plaintiffs' claim for attorney's fees will be inadmissible in the jury trial but may be considered by the Court to determine an award of attorney's fees, if appropriate.

### 12. Any Evidence Regarding Plaintiffs' Previously Asserted Claims of Bad Faith Against Either Defendant or the Previously Asserted Claim for Breach of Contract Asserted Against Nationwide.

Defendant asks this Court to exclude any evidence pertaining to the prior claims against Nationwide and bad faith claim against Depositors that were dismissed in this Court's order of summary judgment (Filing No. 106). Defendant asserts that evidence supporting these claims would be irrelevant to the remaining claim and unduly prejudicial. Fed. R. Evid. 401 provides that

evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

In response, Plaintiffs appear to ask the Court to reconsider its previous ruling. (Filing No. 115 at 29.)   The Court will not do so, as Plaintiffs should have moved for reconsideration by motion, not by brief.  Fed. R. Civ. P. 60; *see* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Therefore, to the extent that any evidence is only relevant to proving the previously dismissed claims in this case, the Court agrees that such evidence should be excluded under Fed. R. Evid. 402 as irrelevant, and evidence will be limited in its use to the remaining breach of contract claim against Defendant.  Plaintiffs can provide evidence on how claims were adjusted, how estimates were made, and Defendant's conduct throughout the claims process, but cannot introduce or use the words "bad faith" in such testimony.

Accordingly,

**IT IS ORDERED** that Defendant Depositors Insurance Company's Motion in Limine (Filing No. 107) is granted in part, denied in part:

1. The lay witnesses identified by Plaintiffs in the pretrial order (Filing No. 110) will be allowed to testify.
2. Evidence presented to suggest that Nationwide Property and Casualty Insurance Company issued a policy of insurance to Plaintiff Gillick Enterprises, Inc. will be excluded.
3. Any evidence of statements made during the settlement conference between the parties on January 27, 2026, or during any other settlement negotiations taking place prior to and during the course of trial, will be excluded.
4. Evidence of Defendant's confession of judgment in *Millard Gutter Company, Gillick Enterprises, Inc. & Gross Point Holdings LLC v. Depositors Insurance Company*, 8:18CV23 will be excluded.
5. James Eggers will be allowed to testify as an expert witness.
6. Carl Martin's expert testimony will be excluded.
7. Mark Anderson's expert testimony will be excluded.

8. Evidence presented solely to indicate an ambiguity in the insurance policy will be excluded.

9. Testimony from any individual offering a different dollar value for the Actual Cash Value or Replacement Cost Value of repair and replacement will not be excluded.

10. Any evidence presented regarding prejudgment interest will be inadmissible, although the jury may determine the date of breach for the later calculation of prejudgment interest by the Court.

11. Any evidence presented to support Plaintiffs' claim for attorney's fees will be inadmissible.

12. Evidence only relevant to the dismissed claims of bad faith and breach of contract against Nationwide Property and Casualty Insurance Company will be excluded.


Dated this 26th day of February, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge

15