IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation; and  GILLICK ENTERPRISES, INC., <br><br><br> Plaintiffs, <br><br><br> vs. <br><br><br> DEPOSITORS INSURANCE COMPANY, <br><br><br> Defendant. | **4:23CV3016** <br><br><br><br> **ORDER** |

On February 26, 2026, the Court held a pretrial conference in this case.  (Filing No. 132.) At the conference, issues were raised regarding the admissibility of certain deposition testimony, in particular, that of David Heller ("Heller") and John Holland ("Holland").

On February 23, 2026, Plaintiffs filed deposition designations for Heller and Holland. (Filing No. 122; Filing No. 123.)  On February 24, 2026, Defendant filed untimely objections to these disclosures asserting "blanket hearsay objection and blanket relevance and materiality objections based on Federal Rules of Evidence 401 and 402, to all deposition designations of Plaintiffs."  (Filing No. 125; Filing No. 126.)  These "blanket objections" came despite the Final Trial Order's directive that:

> If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition on or before 12:00 p.m. on Monday, February 23, 2026. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court, by 12:00

p.m. on Monday, February 23, 2026, with a list *specifying the precise nature of each objection and identifying its location by page and line*.

(Filing No. 112.)  At the pretrial conference, when the Court inquired whether Defendant planned to offer additional portions of deposition transcripts to read into the record given Plaintiffs' designations, a pandoras box of arguments unraveled as to the admissibility of the deposition testimony, particularly that of Heller.

Defendant argued that he did not get time to develop Heller's testimony at the deposition because he got virtually no notice of the deposition.  Defendant indicated it had one and a half to two days' notice of the deposition, which was occurring in another state.  The Court inquired if there was any discussion at the time of the deposition whether it was being taken for discovery or trial, or if there were any recent discussions regarding taking an additional deposition of Heller so Defendant could develop Heller's testimony. Interestingly, Defendant waited until the pretrial conference to put this matter before the Court, rather than filing a motion in limine to exclude this evidence, and after having already missed the deadline to submit objections to the deposition designations.  Further, this issue only came up based on questions asked by the Court.  In any event, Defendant argued at the pretrial conference that Plaintiffs did not notice Heller's deposition sufficiently in advance so Defendant could prepare for a trial deposition—even though Heller is identified as one of Defendant's expert witness.[1]

Following the conference, the parties each emailed the Court additional information surrounding the scheduling of Heller's deposition.  From these submissions, it is apparent to the Court that Heller's deposition was anticipated, and arrangements were being made for the deposition, well in advance of the deposition date.  Therefore, assuming Plaintiffs can show that Heller is unavailable for trial, the deposition testimony will be allowed. *See Fletcher v. Tomlinson, 895 F.3d 1010, 1020 (8th Cir. 2018)* (stating that Fed. R. Civ. P. 32(a)(4)(B), which allows use of a deposition for any purpose if a witness is more than 100 miles from the place of trial, "operates as an independent exception to the hearsay rule").  Given Heller is a resident of Lawrence,

---

[1] Because Heller is one of Defendant's witnesses, there potentially would not be a need to develop the testimony if Defendant is calling Heller as a witness.  Additionally, if Heller is available as a witness at trial, there is no need for the deposition testimony, except for impeachment purposes.

Kansas—as stated in the Order on Final Pretrial Conference (Filing No. 110)—the Court is confident Plaintiffs can make this showing.

As to Holland, the Court will not allow this deposition testimony to be admitted, except for purposes of impeachment.  His deposition is from an entirely different case, which does not have any relevance to this suit.

Defendant has until **12:00 p.m. on Sunday, March 1, 2026** to provide Plaintiffs' counsel and the Court with the additional portions of the deposition Defendant would like read into the record.  Plaintiffs will have until **5:00 p.m. on Sunday, March 1, 2026** to provide Defendant and the Court with any objections to the additional testimony Defendant wants read into the record.  The Court expects the parties to confer about this matter, but the Court anticipates there will not be additional objections.

It is very apparent to the Court that the parties have not communicated well over the past few weeks (perhaps throughout this litigation). Many of the matters discussed during the conference yesterday, as well as the matters in this Order, could have potentially been resolved long before being raised at the pretrial conference—which was two business days before trial—if the parties had met and conferred about these issues.  Counsel for both parties have missed multiple deadlines and have failed to promptly respond to Court correspondence.  As the Court stated at the pretrial conference, this cannot continue.  At this point, the parties *should* be prepared to proceed to trial.  However, after the hour and thirty-five-minute conference yesterday, the Court questions whether they are sufficiently prepared to do so, even though this matter has been set for trial for over nine months.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Objections to Plaintiffs' Deposition Designations of David Heller (Filing No. 125) is overruled.
2. Defendant's Objections to Plaintiffs' Deposition Designations of John Holland (Filing No. 126) is granted, in part.  Holland's deposition testimony will not be admissible, except for purposes of impeachment.

3. Defendant has until **12:00 p.m. on Sunday, March 1, 2026** to provide Plaintiffs' counsel and the Court with the additional portions of the deposition Defendant would like read into the record. Defendant's failure to meet this deadline will result in Defendant's waiver of his ability to present such evidence.

4. Plaintiffs have until **5:00 p.m. on Sunday, March 1, 2026** to provide Defendant and the Court with any objections to the additional testimony Defendant wants read into the record. Any objections not timely made will be deemed waived.

Dated this 27th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge